TIMOTHY F. McCARTHY, PROSECUTOR, v. HORACE K. ROBERSON, DIRECTOR OF THE DEPARTMENT OF REVENUE AND FINANCE OF THE CITY OF BAYONNE, JOHN F. LEE, CLERK OF THE SAID CITY OF BAYONNE, AND TIMOTHY J. DOOLAN, RESPONDENTS.

Submitted May 2, 1939—Decided August 26, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *Drewen & Nugent (John Drewen)*.

For Horace K. Roberson and John F. Lee, *William Rubin*.

For Timothy Doolan, *Reynier J. Wortendyke, Jr.*

BODINE, J. The writ presents the question of whether or not chapter 141, laws of 1936, is unconstitutional as violating paragraph 11, section VII, article IV of the State Constitution because restricted to municipalities of not over three hundred thousand inhabitants. No question is raised as to the propriety of the procedure.

The prosecutor was appointed collector of revenue of the city of Bayonne on March 20th, 1936. As the law then stood, the term of that office was three years (chapter 63, *Pamph. L.* 1904, *p.* 151) *R. S.* 40:171-148. By chapter 141, *Pamph. L.* 1936, *supra,* effective December 1st, 1936, and expressly applicable to collectors in office on that date, the term was extended to five years, so that prosecutor's term would, under the provisions of the latter enactment, expire March 20th, 1941. However, in the following year, the legislature provided by *Pamph. L.* 1937, *ch.* 142, *p.* 346 (*R. S.* 40:46-6.1) that: "Any person who shall, after June second, one thousand nine hundred and thirty-seven, be appointed or elected to the position or office of tax collector in any municipality in this state shall hold his office for a period of four years from the date of his election or appointment. The term 'tax collector' as used in this section shall be construed to mean and include the official charged with the duty of collecting taxes upon real and personal property in each municipality of this state."

The latter enactment, of course, does not apply to tax col-

lectors appointed before June 2d, 1937, and though the act of 1936 may have been superseded by that of 1937, as regards those appointed or elected after June 2d, 1937, the 1936 act, if effective, lengthened prosecutor's term till March 20th, 1941, and the subsequent legislation does not even purport to deprive him of his rights under the act of 1936.

However, on March 20th, 1939, the director of the Department of Revenue and Finance of the city of Bayonne, appointed respondent Doolan as the prosecutor's successor, the appointment to take effect immediately, and the present writ is founded on the line of cases typified by *Murphy* v. *Freeholders, &c.,* 91 *N. J. L.* 40.

The respondents claim that chapter 141, *Pamph. L.* 1936, *p.* 332, is unconstitutional in that it applies only to tax collectors in municipalities not having a population in excess of three hundred thousand as determined by the preceding federal census. We think the point not well taken.

We are unable to see that this classification is unreal, illusory or double as in *Raymond* v. *Township Council of Teaneck,* 118 *N. J. L.* 109. Population may be a perfectly proper basis for classification, and there is nothing in the record before us to indicate otherwise.

The statute being valid, the appointment of the respondent Doolan was invalid, and must be set aside, with costs.